**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DONESHA JACKSON**                                                              **PLAINTIFF**

**v.**                                        **Case No. 4:25-cv-00945-KGB**

**ROBERT WILLIAMS,** *et al.*                                               **DEFENDANTS**

**<u>ORDER</u>**

Before the Court is plaintiff Donesha Jackson's *pro se* application to proceed *in forma pauperis* ("IFP"), the complaint, filing of supplemental information, motion for injunction, and supporting information (Dkt. Nos. 1, 2, 7, 8, 9).  For the following reasons, the Court grants Jackson's application to proceed IFP (*Id.*).  The Court denies at this time  Jackson's motion for an injunction (Dkt. No. 8).

**I.      IFP**

Under 28 U.S.C. § 1915, the decision to grant or deny IFP status is within the sound discretion of the district court.  *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted).  Although a claimant need not be "completely destitute" to take advantage of the IFP statute, she must show that paying the filing fee would result in an undue financial hardship.  *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986).

In her application, Jackson states that she receives $1,516.39 every two weeks in take-home pay or wages (Dkt. No. 1).  Thus, the Court estimates Jackson's annual take-home pay as $36,393.36. Jackson list expenses of $800.00 per month for housing; $1,212.00 per month for transportation; $250.00 per month for utilities; $40.45 per month for renter's insurance; $34.97 for other insurance; and $103.00 per month for her phone bill (*Id.*).  Jackson claims her daughter, who is a college student, relies on Jackson for 25% of her support.  Jackson claims $49.00 in debts or

financial obligations.  The Court finds that Jackson does not have the ability to pay the filing fee without suffering an undue financial hardship and grants her application to proceed IFP (*Id.*).

## II.    Screening

Jackson is not incarcerated, but pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must screen Jackson's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).  When screening under the PLRA, the usual procedural practices of the Federal Rules of Civil Procedure apply.  *See Jones v. Bock*, 549 U.S. 199, 211–217 (2007).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The Court makes "this determination by considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 910–11 (8th Cir. 2016).  "When ruling on a motion to dismiss, the district court must accept the

allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The Court liberally construes the complaint and makes all reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). However, the Court does not accept a plaintiff's conclusory allegations or legal conclusions as true. *Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

Reading Jackson's *pro se* complaint, filing of supplemental information, and supporting information together (collectively "Complaint")[1] liberally, the Court finds that Jackson alleges sufficient factual matter to state a claim upon which relief may be granted (Dkt. Nos. 2, 7, 9). The Court liberally construes Jackson's Complaint to allege claims of discrimination, hostile work environment, retaliation, and defamation against defendants Robert Williams, Cynthia Willard, Martha Riley, Felicia Kremers, and Shanee Birl (Dkt. No. 2). Accordingly, service on defendants is appropriate.

The Clerk is directed to prepare a summons for Robert Williams, Cynthia Willard, Martha Riley, Felecia Kremers, and Shanee Birl to be served at their place of work, Arkansas Department of Human Services, 700 Main Street, Little Rock, Arkansas, 72203. The Court directs that the United States Marshal serve Jackson's complaint on each defendant, along with a summons, pursuant to the terms of this Order without prepayment of fees and costs or security (Dkt. No. 2).

---

[1] While the Court typically considers "only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint," the Court has also reviewed Jackson's supplemental filings and, for screening purposes, incorporates them into its analysis. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 910–11 (8th Cir. 2016).

### III.    Preliminary Injunction

Jackson filed an "Injunction Request" on October 14, 2025 (Dkt. No. 8).  The Court construes the document as a motion for preliminary injunction.  The Court denies Jackson's motion for a preliminary injunction (*Id.*).

"A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant."  *Sleep Number Corp. v. Young*, 33 F.4th 1012, 1016 (8th Cir. 2022) (internal quotations omitted).  To determine whether a preliminary injunction is warranted, the Court considers the *Dataphase* factors:  "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties' litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

"No single [*Dataphase*] factor is dispositive, as the district court must balance all factors to determine whether the injunction should issue."  *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006).  However, the "the third factor—probability of success[on the merits]—is the most significant."  *Sleep Number Corp.*, 33 F.4th at 1016 (citing *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021), and *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013)).

Jackson fails to meet her burden to establish that a preliminary injunction should issue.  *See Sleep Number Corp.*, 33 F.4th at 1016.  Accordingly, the Court denies Jackson's motion for preliminary injunction.

The Court struggles to identify what Jackson seeks enjoined.  The Court understands that Jackson requests the Court "honor my current injunction request submitted."  (Dkt. No. 8).  That

submitted request appears to be Jackson's request that the Court "aid me in obtaining the new job position that I most recently applied for." (Dkt. No. 2, at 7). Alternatively, Jackson's injunction request may seek post-termination reinstatement to a new position with DHS (Dkt. No. 9, at 3). Thus, the Court construes Jackson's injunction request as a motion for preliminary injunction seeking that the Court place Jackson in a position for which she recently applied.

First, Jackson fails to demonstrate threat of irreparable harm. The conduct alleged in this case occurred from the dates of November 3, 2023, to August 22, 2025 (Dkt. No. 2, at 7–11). Jackson's injunction request refers only to past conduct and makes no reference to ongoing harm. Additionally, Jackson's "supporting information" explains that Jackson was terminated from her position at DHS. Moreover, Jackson claims that money damages are appropriate in her complaint (*Id.*). Given these facts, the Court is unable to find that Jackson has satisfied her burden to demonstrate the threat of irreparable harm from defendants.

Second, Jackson fails to satisfy the "most significant" factor for a preliminary injunction, probability of success on the merits. *Sleep Number Corp.*, 33 F.4th at 1016. While the Court, for screening purposes, concludes that Jackson states claims, her own pleadings reveal substantial questions about whether her claims will succeed on the merits. She has not sufficiently demonstrated this so as to be entitled to a preliminary injunction.

Third, the Court finds that the balance of the equities do not support granting injunctive relief. If the Court were to grant Jackson's request and order DHS to place Jackson into a new position, it could work injury upon DHS. Without explanation for what is to be enjoined and why, the risk of injury to DHS is too great.

Finally, while vindication of statutory rights benefits the public interest, after balancing the remaining factors, the Court determines that a preliminary injunction is not warranted. The injunction request is denied (Dkt. No. 8).

**IV.    Conclusion**

For the foregoing reasons, the Court grants Jackson's application to proceed IFP (*Id.*). The Clerk is directed to prepare a summons for Robert Williams, Cynthia Willard, Martha Riley, Felecia Kremers, and Shanee Birl to be served at their place of work, Arkansas Department of Human Services, 700 Main Street, Little Rock, Arkansas, 72203. The Court directs that the United States Marshal serve Jackson's complaint to each defendant, along with a summons, pursuant to the terms of this Order without prepayment of fees and costs or security (Dkt. No. 2). The Court denies without prejudice Jackson's motion for an injunction (Dkt. No. 8).

It is so ordered, this 13th day of May, 2026.

_____
Kristine G. Baker
Chief United States District Judge